IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| EUGENE MARLIN, | : |
|     Plaintiff, | : |
| v. | :  Case No. 5:24-cv-483 (TES) |
| DR. ANDREWS, *et al.*, | : |
|     Defendants. | : |

**ORDER**

On August 25, 2025, Plaintiff filed a document titled "Letter to the Courts and Robin D. Ayers[,]" together with a "Discovery for Production of Documents," in which he appears to request that certain material be produced and that he be allowed to take the depositions of fifteen (15) witnesses. (Doc. 25-1).[1] "[O]ut of an abundance of caution[,]" Defendant Andrews filed a response opposing any motion for discovery. (Doc. 30). Plaintiff's filing lacks sufficient clarity to determine whether it seeks to complain that officers at Macon State Prison interfered with his outgoing mail or if it inappropriately requests the Court's involvement in discovery. Although Doc. 25 was initially docketed by the Clerk of Court as a motion, the Court construes said document as a letter for the Court to direct Plaintiff on how to resolve the concerns he has about outbound mail and what Plaintiff believes may be outstanding discovery requests. The Court cannot give Plaintiff legal advice.

As explained in the Court's Order Directing Service, the Federal Rules of Civil Procedure authorize parties to seek discovery from one another, and discovery materials are not to be filed with the Court. (Doc. 7, at 11-12). Plaintiff must serve discovery requests directly upon opposing

---

[1] The Court notes that the certificate of service attached to the request for discovery is dated July 8, 2025. Id. at 3-4. However, the Court did not receive this document until August 25, 2025.

counsel in accordance with the Federal Rules of Civil Procedure. Similarly, deposition notices under Rule 30 must provide reasonable written notice to all parties, including the time, place, and identity of the deponent, and must be served between parties rather than requested through judicial intervention. *See* Fed. R. Civ. P. 30.

Plaintiff's request to "proceed to trial A.S.A.P.[,]" is premature. (Doc. 25, at 3). Discovery remains ongoing, and Defendant Andrews received an extension until October 3, 2025, to file an answer or other responsive pleading. (Docs. 27, 28). To the extent Plaintiff seeks discovery from Defendant Andrews, discovery will not commence as to Defendant Andrews until Defendant Andrews files an answer or other responsive pleading. To the extent Plaintiff seeks discovery from Defendants Green and Ingram, who are represented by attorney Robin D. Ayers, Plaintiff should seek documents within Defendants Green and Ingram's possession, custody, or control through proper discovery requests sent directly to their counsel of record. Accordingly, Plaintiff's Letter to the Courts and Robin D. Ayers (Doc. 25) is **DENIED**.

**SO ORDERED**, this 17th day of September, 2025.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE