**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

EUGENE MARLIN,                          :
                                        :
            Plaintiff,                   :
                                        :
v.                                      :          Case No. 5:24-cv-483-TES-ALS
                                        :
 DR. ANDREWS, *et al.*,                 :
                                        :
            Defendants.                 :

_____

## RECOMMENDATION

On December 30, 2024, Plaintiff Eugene Marlin filed a *pro se* complaint pursuant to 42 U.S.C. §1983. (Doc. 1). Plaintiff was ordered to recast his complaint after the Court determined that another case filed by Plaintiff, 5:24-cv-484-MTT-AGH (M.D. Ga. Dec. 26, 2024) ("*Marlin I*"), was related to the Complaint in this case. The Court consolidated the two cases into the above-captioned action and terminated *Marlin I*. (*Marlin I* Doc. 4). Plaintiff filed a recast complaint on February 26, 2025. (Doc. 5). Upon preliminary review, the Court allowed Plaintiff's Eighth Amendment claims against Defendants Dr. Andrews, Shemeka Ingram, and Janice Greene to proceed for further factual development.[1] (Doc. 7).

Pending before the Court are Defendants Ingram and Greene's ("Defendants") Motion to Dismiss for Abuse of Judicial Process and Plaintiff's response thereto. (Docs. 16, 17). For the following reasons, the Court recommends that Defendants' Motion to Dismiss be denied.

## DISCUSSION

Defendants move under 28 U.S.C. § 1915 and Federal Rule of Civil Procedure 11(c) for abuse of judicial process for Plaintiff's alleged failure to disclose his complete prior litigation

---

[1] The Clerk is **directed** to update the docket to reflect the proper names of Defendants Shemeka Ingram and Janice Greene, as identified in the Notice of Appearance. (Doc. 10).

history on both his original and amended complaints. As Defendants correctly contend, Plaintiff failed to disclose at least two prior lawsuits: *Marlin v. Leonard*, 1:15-cv-111 (M.D. Ga.) ("*Leonard*"), which was dismissed for failure to state a claim, and *Marlin v. Green*, 5:24-cv-484 (M.D. Ga.) ("*Green*"), which was consolidated into this case by the Court. (Doc. 16-1, at 1), (Docs. 1, 5). Plaintiff also failed to answer Questions 6, 7, and 8 on the complaint form regarding prior litigation filed while incarcerated. (Doc. 16-1, at 1-2), (Docs. 1, 5). Although Plaintiff failed to fully disclose his prior litigation history on his complaint forms, the Court finds that the severe sanction of dismissal is not warranted under the circumstances of this case.

A prisoner's failure to comply with court rules requiring disclosure of previous litigation may constitute abuse of the judicial process warranting dismissal under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). *Sears v. Haas*, 509 F. App'x 935, 936 (11th Cir. 2013) (citing *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997)). "Although *pro se* pleadings are held to a less stringent standard, a plaintiff's *pro se* status does not excuse mistakes regarding procedural rules." *Id.* (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)). Dismissal is also proper under 28 U.S.C. § 1915 where a plaintiff "engage[s] in bad faith litigiousness or manipulative tactics[.]" *Redmon v. Lake Cnty. Sheriff's Off.*, 414 F. App'x 221, 225 (11th Cir. 2011) (quoting *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

The Court finds the severe sanction of dismissal is not currently necessary in Plaintiff's case. The Court recognizes the line of opinions from the United States Court of Appeals for the Eleventh Circuit cited by Defendants that affirm dismissal of inmate complaints under similar circumstances, but these cases merely stand for the proposition that it is not reversible error to dismiss under these facts. *See Redmon*, 414 F. App'x at 226 (finding no abuse of discretion in dismissal for abuse of judicial process because the plaintiff failed to disclose litigation history);

*Shelton v. Rohrs*, 406 F. App'x 340, 341 (11th Cir. 2010) (same); *Young v. Sec'y Fla. for Dep't of Corr.*, 380 F. App'x 939, 941 (11th Cir. 2010) (same); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (same). The Court is aware of no authority, however, that requires it to find bad faith and to dismiss Plaintiff's complaint under these facts. On the contrary, these cases reaffirm the discretionary power of the Court to determine appropriate sanctions. *See Redmon*, 414 F. App'x at 225 (stating a district court may impose sanctions if a party knowingly files a pleading that contains false contentions).

Several factors weigh against finding that Plaintiff's nondisclosure constitutes bad faith warranting dismissal. First, as to *Green*, the Court was already aware of that case and, in fact, consolidated it into this action. The Court cannot credit Defendants' argument that Plaintiff attempted to conceal a case which the Court itself identified and consolidated. Moreover, that case was filed on the same day as the instant case, December 30, 2024, meaning it was not truly a "prior" lawsuit at the time Plaintiff filed his original complaint. Second, as to *Leonard*, that case was filed nearly ten years ago in 2015, suggesting Plaintiff's failure to disclose may have resulted from oversight or confusion rather than intentional concealment. Third, even if *Leonard* constitutes a "strike" under 28 U.S.C. § 1915(g), Plaintiff has only one strike, which does not bar him from proceeding *in forma pauperis* ("IFP") in this case. The three-strikes provision requires three prior dismissals before a prisoner is barred from proceeding IFP. *See* 28 U.S.C. § 1915(g). Thus, Plaintiff's failure to disclose this single prior case was not material to the Court's IFP determination.

While Plaintiff's *pro se* status does not shield him from sanctions, it is within the Court's discretion to determine what, if any, sanctions are appropriate. *Sears*, 509 F. App'x at 936; *Redmon*, 414 F. App'x at 225. At this stage, the Court finds dismissal is not appropriate,

3

particularly given that Defendants provide no alternative bases for dismissal aside from failure to disclose prior litigation. Thus, it is recommended that the Court exercise its discretion and choose not to dismiss Plaintiff's complaint under these circumstances.

**CONCLUSION**

Accordingly, it is **RECOMMENDED** that Defendants' Motion to Dismiss (Doc. 16) be **DENIED**.[2]

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. Any objection is limited in length to TWENTY (20) PAGES. See M.D. Ga. L.R. 7.4. The District Judge shall make a de novo determination as to those portions of the Recommendation to which objection is made; all other portions of the Recommendation may be reviewed by the District Judge for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 28th day of January, 2026.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court holds in abeyance its decision on Defendants' motion to reopen discovery (Doc. 40) and motion for an extension of time to file dispositive motions (Doc. 41) pending the District Judge's resolution of the instant motion to dismiss (Doc. 16).