**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

EUGENE MARLIN,                          :
                                        :
        Plaintiff,                      :
                                        :
v.                                      :        Case No. 5:24-cv-483-TES-ALS
                                        :
 DR. ANDREWS, *et al.*,                 :
                                        :
        Defendants.                     :

---

### RECOMMENDATION

Plaintiff Eugene Marlin, a *pro se* inmate at Macon State Prison, brings this action under 42 U.S.C. § 1983 asserting claims of deliberate indifference to his serious medical needs in violation of the Eighth Amendment. (Doc. 5, at 5). Plaintiff alleges that after he suffered second-degree burns to his left foot in June 2024, Defendants failed to adequately treat his pain for several months and further failed to schedule Plaintiff for a consultation at Augusta University Medical Hospital although an outside emergency room physician referred Plaintiff for additional medical treatment. *See* (Doc. 5).

Pending before the Court is Defendant Dr. Jaiye Andrews' ("Defendant") Motion to Dismiss, Defendant's Brief in Support of the Motion to Dismiss, and Plaintiff's Response in opposition. (Docs. 34, 35, 37). Defendant moves to dismiss Plaintiff's Complaint on the following five grounds: 1) failure to exhaust administrative remedies, 2) failure to state a claim, 3) failure to comply with OCGA § 9-11-9.1(a), 4) sovereign immunity, and 5) qualified immunity. (Docs. 34, 35). Also pending before the Court is Plaintiff's Motion for Summary Judgment and Defendants Response in opposition thereto. (Doc. 45, 48). For the following reasons, the Court recommends

that Defendant's Motion to Dismiss (Doc. 34) be denied and Plaintiff's Motion for Summary Judgment (Doc. 45) be denied.

## LEGAL ANALYSIS

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. *See*, Fed. R. Civ. P. 12(b)(6). A defense of failure to exhaust should be raised in a motion to dismiss. *Miller v. Pryor*, 315 F. App'x 149, 150 (11th Cir. 2008) (citing *Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir. 2008)). "Where exhaustion . . . is treated as a matter in abatement . . . , it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." *Id*. (citing *Bryant*, 530 F.3d at 1376) (alterations in original). "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." *Ross v. Blake*, 578 U.S. 632, (2016) (citing *McNeil v. United States*, 508 U.S. 106 (1993)).

A motion to dismiss can be granted only if a complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

**DISCUSSION**

I.    **Defendant has failed to show exhaustion**

Plaintiff asserts a violation of his Eighth Amendment rights during his incarceration at Macon State Prison. In response to the Complaint, Defendant Andrews initially maintains that this case is subject to dismissal because Plaintiff failed to properly exhaust the administrative remedy provided by the Macon State Prison prior to filing this complaint as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This provision generally requires that a prisoner file an administrative grievance and then appeal any denial of relief through all levels of review that comprise the grievance process before filing suit in federal court. *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002) (Congress enacted § 1997e(a) "to reduce the quantity and improve the quality of prisoner suits"; to this purpose, Congress "afford[ed] corrections officials an opportunity to address complaints internally before allowing the initiation of a federal case."). The exhaustion of available administrative remedies is a mandatory requirement and cannot be waived even when the grievance process is futile or inadequate. *See Porter*, 534 U.S. at 524; *Jones v. Bock*, 549 U.S. 199, 211 (2007).

"The Prison Litigation Reform Act . . . requires prisoners with complaints about prison conditions to exhaust available grievance procedures before filing suit in federal court." *Perttu v. Richards*, 605 U.S. 460, 464 (2025) (citing 42 U.S.C. § 1997e(a)). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its

3

proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "[W]hen a state provides a grievance procedure for its prisoners . . . an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." *Brown v. Sikes*, 212 F.3d 1205, 1207 (11th Cir. 2000) (citation omitted). "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules' – rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 218  (quoting *Woodford*, 548 U.S. at 88); *see also Toenniges v. Ga. Dep't. of Corr.*, 600 F. App'x 645, 648 (11th Cir. 2015) (prisoner must complete review process according to rules set forth in prison grievance system itself). Failure to exhaust may be raised as an affirmative defense. *Jones*, 549 U.S. at 216 ("We conclude that failure to exhaust is an affirmative defense under the PLRA[.]"). "Defendants bear the burden of proving that the plaintiff failed to exhaust his administrative remedies." *Pearson v. Taylor*, 665 F. App'x 858, 867 (11th Cir. 2016) (quoting *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008)).

The United States Court of Appeals for the Eleventh Circuit has promulgated a two-step inquiry that courts must implement when deciding a motion to dismiss for failure to exhaust administrative remedies under the PLRA. *See Turner*, 541 F.3d at 1082-83. First, the court examines the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. If, however, the complaint is not subject to dismissal at the first step, "the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion . . . Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative

4

remedies. *Id.* at 1082-83 (internal citations omitted). A prisoner-plaintiff is not required to affirmatively plead or demonstrate exhaustion of his administrative remedies in his complaint. Jones, 549 U.S. at 216. Under the *Turner* inquiry, a defendant bears the burden of proving that the prisoner-plaintiff has failed to exhaust his available administrative remedies. *Turner*, 541 F.3d at 1082 (citing Jones, 549 U.S. at 216).

*Turner Step One*

The record in this case establishes that Macon State Prison provides a grievance for inmate complaints. It is undisputed that Plaintiff "submitted a grievance about Dr. Andrews and his medical treatment, but [the grievance] went unanswered. Plaintiff did not appeal the grievance." (Doc. 5 at 3, Doc. 35 at 4). Defendant asserts that Plaintiff failed to exhaust his administrative remedies because Plaintiff did not appeal the unanswered grievance.

Defendant assumes that a failure to appeal a prison grievance is the same thing as a failure to exhaust. However, that assumption is only valid if an appeal was actually available to Plaintiff in the first place, and Defendant's motion offers nothing on that point. In *Ross*, the Supreme Court held that while the PLRA's exhaustion requirement is mandatory, it applies only to remedies that are actually "available" to the inmate. *Ross*, 578 U.S. at 636. The Court identified three circumstances in which an administrative remedy, though existing on paper, is rendered unavailable in practice: (1) when officers are consistently unwilling to provide relief to aggrieved inmates, causing the process to operate as a dead end; (2) when the administrative scheme is so opaque or confusing that it is functionally incapable of use; and (3) when prison administrators thwart inmates from using the grievance process through machination, misrepresentation, or intimidation. *Id.* at 643–44.

Plaintiff states that he "did file a [grievance] on DR. Andrews upon MS. Walker Chief Counsel," yet he "never received an ANSWER." (Doc. 37, at 1). After approximately two months without a response, Plaintiff claims he followed up directly with the institution. *Id.* He was told by Chief Counsel Ms. Walker that she "couldn't find" the grievance. (Doc. 37, at 1).

Plaintiff's explanation of why no appeal followed is legally sufficient to survive dismissal at the first *Turner* step one. He states the grievance "could not [be appealed] because it has to be answer[ed] and resolved at the first stage before moving on and seek[ing] a final ruling on it." (Doc. 37, at 2). Plaintiff further elaborates that the "[grievance] was never answer[ed] as well as being in default because it was not Answered in [14] fourteen days nor were there an [extension]." *Id.* Accepting the non-moving party's allegations as true, Plaintiff claims the appeal process was administratively unavailable to him because of Defendants' failure to respond to his initial grievance within fourteen days. Taken as true, this allegation describes a process that may have become, for Plaintiff, a dead end within the meaning of *Ross. See Ross*, 578 U.S. at 636. Thus, Plaintiff's allegations plausibly demonstrate that the administrative process may have been unavailable to him within the meaning of *Ross*, the complaint is not subject to dismissal at *Turner's* first step. The Court accordingly proceeds to step two.

*Turner Step Two*

At Step Two, the Court may go outside the pleadings to make specific factual findings on the question of exhaustion. *Turner*, 541 F.3d at 1082–83. Unlike typical Rule 12(b)(6) motions, the Court may consider evidence beyond the complaint without converting the motion to one for summary judgment, as exhaustion is treated as a matter in abatement rather than an adjudication on the merits. *Bryant*, 530 F.3d at 1374–76 (11th Cir. 2008).

The burden rests squarely with Defendant. *Turner*, 541 F.3d at 1082. To carry that burden, Defendant must present evidence (not argument) establishing what the grievance process required and how Plaintiff failed to comply with it. *See Houston v. Mitchell*, No. 5:24-cv-154-TES-CHW, 2025 WL 3223025, at *2 (M.D. Ga. Oct. 22, 2025) (defendants satisfied burden by submitting grievance history, applicable policy, plaintiff's deposition, and declaration from grievance coordinator); *Davis v. Prater*, No. 3:24-cv-110-TES-CHW, 2025 WL 3457915, at *2 (M.D. Ga. Oct. 30, 2025) (defendants submitted filed grievances, applicable grievance policy, and declaration from grievance coordinator); *Dixon v. Jones*, No. 4:23-cv-24-CDL-AGH, 2025 WL 4056841, at *3 (M.D. Ga. Dec. 15, 2025) (defendants submitted declaration from official responsible for overseeing grievance process and plaintiff's complete grievance history).

Defendant has submitted nothing in support of its position or to refute Plaintiff's explanation.[1] The record contains no copy of Macon State Prison's grievance policy, no declaration from a grievance coordinator or other institutional official, and no grievance history for Plaintiff. Without this evidence, the Court cannot determine what the grievance process required, what options remained available to Plaintiff after his grievance went unanswered, or whether any avenue existed for appealing a grievance that was never answered and could not be located. Having offered no evidence to resolve the factual dispute over exhaustion, Defendant has not met the burden of proof that the law places on her. The court, therefore, recommends that the motion to dismiss on exhaustion grounds be denied.

**II.     Defendant has not met her burden in moving to dismiss for failure to state a claim**

---

[1] Defendant's exhaustion argument can be summarized without exaggeration: *he said so himself*. What Defendant conspicuously omits is that the grievance went unanswered. A fact that, under *Ross*, raises the precise question Defendant never bothers to address: whether there was anything left to exhaust. A remedy that the institution swallowed whole is not a remedy at all.

Defendant's argument that Plaintiff has failed to state a cognizable deliberate indifference claim is foreclosed by the Court's own prior screening order. On April 29, 2025, the Court conducted a preliminary review of Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915A and expressly found that Plaintiff's Eighth Amendment claims against Defendant Andrews stated colorable constitutional violations sufficient to proceed for further factual development. (Doc. 7, at 9-10). The screening standard applied by the Court (whether the complaint contains sufficient factual matter, accepted as true, to state a plausible claim for relief) is the same standard that governs a Rule 12(b)(6) motion to dismiss. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. Defendant offers no new basis for dismissal that was not already before the Court at screening, and simply re-urging that the complaint is insufficient does not make it so. It is recommended that Defendant's motion to dismiss on this ground should also be denied.

### III.   Failure to comply with OCGA § 9-11-9.1(a) does not bar constitutional claims

Defendant's argument that Plaintiff's Section 1983 claim should be dismissed for failure to file an expert affidavit under OCGA § 9–11–9.1(a) mischaracterizes the nature of his claim. Plaintiff does not bring a state-law professional malpractice action — he brings a federal constitutional claim under the Eighth Amendment to the United States Constitution for deliberate indifference to a serious medical need. The United States Court of Appeals for the Eleventh Circuit has been clear on this distinction. *See Swain v. Junior*, 961 F.3d 1276, 1288 (11th Cir. 2020) ("[i]t bears repeating that deliberate indifference is not a constitutionalized version of common-law negligence."). Because Plaintiff's claim sounds in constitutional law, not tort law, the Georgia expert affidavit requirement has no application here. Moreover, and as stated above, this Court's preliminary review of Plaintiff's Amended Complaint only authorized Plaintiff's Eighth

Amendment claims against Defendant Andrews to proceed. Therefore, Defendant's motion should be denied on this ground.

**IV.    Defendant has failed to show she is entitled to sovereign or qualified immunity**

Finally, as to sovereign and qualified immunity, Defendant argues that "The Eleventh Amendment recognizes that States may assert sovereign immunity that would bar suit by an individual against a State, its agencies, and its employees, unless Congress has abrogated the State's sovereign immunity or the State has consented to the lawsuit." (Doc. 35, at 12). As to qualified immunity, Defendant argues that "Qualified immunity shields certain government officials from liability in their individual capacities unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known'" and that "Plaintiff has not identified a single instance in which Dr. Andrews actually knew of a serious need and intentionally refused or postponed care." (Doc. 35, at 14–15). However, both arguments fail at this stage because Defendant has not made a sufficient threshold showing to establish that she is entitled to either form of immunity, as the record does not establish whether Defendant is a direct state employee or an employee of a private medical contractor — a threshold factual determination essential to any immunity analysis. *See West v. Atkins*, 487 U.S. 42, 55–56 (1988) (recognizing that it is "the physician's function within the state system, not the precise terms of his employment, that is determinative" for § 1983 purposes, underscoring that contractor status is a factual question material to any immunity defense); *see also Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) (en banc) (establishing four-factor threshold test to determine whether defendant qualifies as "arm of the state" entitled to Eleventh Amendment immunity. Defendant Andrews has not made this showing. Accordingly, dismissal on immunity grounds should be denied.

**V.      Plaintiff's Motion for Summary Judgment should be denied**

Plaintiff's Motion for Summary Judgment (Doc. 45) should be denied. As Defendant correctly notes, Plaintiff's moves the Court to "make a ruling on this Motion for Summary Judgment on the Merits." (Doc. 48, at 1) (citing Doc. 45, at 9–10). The motion fails for several reasons. First, Plaintiff has not complied with the procedural requirements of Rule 56 or Local Rule 56, which requires the movant to attach "a separate and concise statement of material facts to which the movant contends there is no genuine dispute to be tried." MD. Ga. L.R. 56; *see* Fed. R. Civ. P. 56. No such statement has been filed. Second, Plaintiff has not supported his motion with admissible evidence, identified the elements of his claims, or demonstrated the absence of a genuine issue of material fact. *See* (Doc. 45). The motion consists entirely of bare, conclusory assertions that mirror his Amended Complaint. *Id.* Third, Plaintiff's own filing consented to reopening discovery "so that both may have an opportunity to depose[,]" which is fundamentally inconsistent with a request for summary judgment. (Doc. 45, at 4); *see* Fed. R. Civ. P. 56(a). Accordingly, it is recommended that Plaintiff's Motion for Summary Judgment (Doc. 45) be denied.

**CONCLUSION**

Accordingly, it is **RECOMMENDED** that Defendant's Motion to Dismiss (Doc. 34), and Plaintiff's Motion for Summary Judgment (Doc. 45) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. Any objection is limited in length to TWENTY (20) PAGES. See M.D. Ga. L.R. 7.4. The District Judge shall make a de novo determination as to those

portions of the Recommendation to which objection is made; all other portions of the Recommendation may be reviewed by the District Judge for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 24th day of March, 2026.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE